IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| THOMAS ANDREW WHITTLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 322-131 |
| | ) |
| LT. COL. MAJOR S.B. ANDREWS; | ) |
| BRIAN ROBINSON, Sheriff; | ) |
| THE DODGE COUNTY JAIL; | ) |
| STATE OF GEORGIA; | ) |
| and KELLI ADAMS, | ) |
| | ) |
| Respondents.[1] | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

**I.     BACKGROUND**

Petitioner states he is a pretrial detainee who has been held in Dodge County and Laurens County, but he provides no details of his arrest or charges other than to state he faces charges in the Oconee Judicial District. (Doc. no. 1, pp. 1, 3; doc. no. 5.) Publicly available records show Petitioner has two open cases in Dodge County: State v. Whittle, Case No. 20R-1512 (Dodge Cnty Sup. Ct. Dec. 1, 2020) and State v. Whittle, Case No. 20R-1517

---

[1]Because the petition should be dismissed for the reasons discussed herein, the Court need not determine at this time who the proper Respondent should be in light of Petitioner's transfer after the case was filed.

(Dodge Cnty Sup. Ct. Dec. 1, 2020).  See Attach. 1 & Attach. 2 hereto, *available at* www.oconeecircuit.com/login/mainpage.aspx (follow "Criminal Search" hyperlink; then choose Dodge County, search "Whittle, Thomas A " last visited Nov. 7, 2022).[2]  The two dockets list multiple felony charges of terroristic threats and acts, criminal trespass, aggravated assault, and criminal damage to property, as well as a misdemeanor battery charge.  Both cases show a pending motion for bond and court proceedings scheduled for November 22, 2022.

Petitioner states he filed unsuccessful appeals with the Clerk of the Superior Court and via a federal civil rights case.[3]  (Doc. no. 1, pp. 3-4, 6.)  In his current federal petition, Petitioner alleges he has been held for twenty-seven months without bond, his speedy trial rights have been violated, and his right to effective assistance of counsel has been violated.  (Doc. no. 1, pp, 1, 3, 7.)  He seeks immediate release from confinement and dismissal of the "charges in Dodge County."  (Id. at 8.)

## II.   DISCUSSION

### A.   Exhaustion

The petition should be dismissed because Petitioner has not exhausted state court remedies.  Although there is no exhaustion requirement in the language of 28 U.S.C.

---

[2] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining a court may take judicial notice of another court's record to establish existence of ongoing litigation and related filings); see also United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (recognizing authority to take judicial notice of court records).

[3] To the extent Petitioner may be attempting to incorporate claims from his civil rights case into this habeas corpus case, that effort is improper.  Federal habeas corpus statutes and 42 U.S.C. § 1983 are mutually exclusive.  See Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  Thus, the Court focuses its analysis on the habeas corpus claims.  Petitioner must pursue any civil rights claims in his separate § 1983 case, and nothing about the recommendation for dismissal of the instant habeas corpus should be construed as providing any recommendation regarding any pending civil right claim(s).

§ 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial detention). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Cherry v. Powell, No. 3:21cv1226/MCR/EMT, 2021 WL 5762774, at *2 (N.D. Fla. Nov. 3, 2021) (collecting cases and citations omitted), *adopted by*, 2021 WL 5760438 (N.D. Fla. Dec. 3, 2021). Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Even if the Court overlooks Petitioner has not identified which pending charges he claims have resulted in his improper pretrial detention or for which he has allegedly received ineffective assistance of counsel, nothing in Petitioner's filings suggests an inability to seek relief for his current claims in his state court proceeding(s). Although Petitioner states his "former" public defender refused to request bond or move for a speedy trial, (doc. no. 1, p. 7), as the attached dockets show, in each case, there are motions for bond which have been pending for approximately one month, and there are proceedings scheduled for November 22, 2022. See

3

Attach 1 & Attach 2.  Moreover, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts and/or Petitioner's on-going state proceedings are available for Petitioner to raise claims concerning length of pretrial detention and related speedy trial issues, as well as ineffective assistance of counsel claims.  See Walker v. Hagins, 722 S.E.2d 725, 727-28 (Ga. 2012); Mullinax v. State, 515 S.E.2d 839, 840 (Ga. 1999); Taylor v. Chitwood, 471 S.E.2d 511, 512 (Ga. 1996).  Therefore, the Court concludes Petitioner has not satisfied the exhaustion requirement.[4]

      **B.**     **Younger Abstention**

The petition is also due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution(s).  The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions."  New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger v. Harris, 401 U.S. 37 (1971)).  There are three exceptions to this rule that warrant federal court intervention:  "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised."  Cherry, 2021 WL 5762774, at *3 (citing Younger, 401 U.S. at 45).

None of the three exceptions to the Younger doctrine apply to Petitioner's case.  Petitioner has not argued his state proceedings are motivated by bad faith, let alone provided "substantial allegations" with evidentiary support for any such claim.  See Younger, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial"

---

[4]As discussed in note 3, *infra*, habeas corpus and civil rights cases are mutually exclusive.  Thus, Petitioner's claimed "appeal" of his habeas corpus issues in a pending civil rights case, Whittle v. Vaughn, CV 322-094 (S.D. Ga. Aug. 19, 2022), cannot satisfy the requirement of state court exhaustion.

and explaining bad faith prosecutions are brought without an intention of obtaining a conviction or for harassment).  Nor has Petitioner made any viable allegation of irreparable injury.  See id. at 53-54 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or other unusual circumstances require equitable relief).  Finally, Petitioner's ongoing state proceedings provide an adequate state forum where any constitutional issues can be raised.  Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of November, 2022, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA